ERIC GRANT
United States Attorney
ROBERT C. ABENDROTH
Assistant United States Attorney
BRAD NG
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00262-DAD |
|---|---|
| Plaintiff, | STIPULATION TO VACATE TRIAL DATE, CONVERT TRIAL CONFIRMATION HEARING INTO STATUS CONFERENCE, AND TO EXCLUDE TIME PERIODS UNDER THE SPEEDY TRIAL ACT AND ORDER |
| v. | |
| CURT MICHAEL TARAS, | |
| Defendant. | |

**STIPULATION**

1.      By previous order, this matter was set for a trial confirmation hearing on April 27, 2026 and a trial date on May 12, 2026. *See* ECF 42. Also, the Court excluded time calculations under the Speedy Trial Act pursuant to local code T4 through the May 12, 2026, trial date. *See id.*

2.      By this stipulation, the parties now move to vacate the May 12, 2026, trial date, convert the trial confirmation hearing into a status conference to be held on August 17, 2026, at 9:30 AM, and to exclude time between May 12, 2026, and August 17, 2026, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      At a status conference on January 26, 2026, the Court set a motion hearing date, trial confirmation hearing, and trial date for the indictment. *See* ECF 42. On April 16, 2026, the grand jury issued a superseding indictment adding an additional count to the original indictment.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

*See* ECF 60.  The government intends to provide discovery to defense counsel concerning the additional charges brought in the superseding indictment next week.  The parties are coordinating a date for the defendant's initial appearance on the superseding indictment before a Magistrate Judge.

b)      Counsel for the defendant will require additional time to review the discovery materials and charges, conduct investigation, conduct research related to the new charges, and to assess the viability of any pretrial motions. Counsel for the defendant believes that failure to grant the requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      Because the superseding indictment concerns new charges and additional discovery, the parties respectfully request that the Court vacate trial date and convert the trial confirmation hearing into a status conference to be held on August 17, 2026, at 9:30 AM. Additionally, the parties respectfully request that the Court find that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

d)      The parties further request that for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of May 12, 2026 to August 17, 2026, inclusive, be deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

[CONTINUED ON NEXT PAGE]

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act warrant time periods excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Respectfully Submitted,

Dated:  April 22, 2026                         ERIC GRANT
                                               United States Attorney

By:  /s/ ROBERT ABENDROTH
     ROBERT ABENDROTH
     Assistant United States Attorney

Dated: April 22, 2026                         /s/ MATTHEW C. TAYLOR
                                              MATTHEW C. TAYLOR
                                              Counsel for Defendant
                                              Curt Michael Taras

**ORDER**

Pursuant to the stipulation of the parties and good cause appearing, the May 12, 2026, trial date in this matter is vacated.  The trial confirmation hearing scheduled for April 27, 2026, is vacated and the case is set for a status conference to be held on August 17, 2026, at 9:30 a.m.  Additionally, for the reasons stated in the stipulation above, the Court finds that the ends of justice served by granting the continuance requested by the parties outweigh the best interest of the public and the defendant in a speedy trial.  Therefore, for the purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 12, 2026 to August 17, 2026, inclusive, is excluded from calculation pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4].

IT IS SO ORDERED.

Dated:    **April 23, 2026**                  _____
                                              DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3